UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 06-232-8 (RCL) |
| | ) | |
| LUIS HORACIO RESTREPO MARTINEZ | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**
**JAN 27 2009**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM & ORDER

Luis Horacio Restrepo Martinez has been charged with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2. Now before the Court is the government's oral motion for pre-trial detention. This Court conducted a hearing on the matter on January 26, 2009. The defendant stated that he took no position on his pre-trial detention. Upon consideration of the oral motion, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

### I. THE GOVERNMENT'S PROFFER

At the January 26, 2009 hearing, the government made the following factual proffer: During and around 2006, defendant Luis Horacio Restrepo Martinez was a member of the Colombian Army. Restrepo Martinez was responsible for patrolling certain areas of Colombia and reporting cocaine manufacturing and trafficking; instead, he accepted bribes from members

1

of the conspiracy to help them avoid detection and arrest. By utilizing a wiretap, the government has obtained phone calls in which Restrepo Martinez is heard discussing receipt of a car from a leader of the conspiracy as payment for his help in overlooking the manufacturing centers. Restrepo Martinez is also heard on calls conspiring with members of the AUC (the United Self-Defense Forces of Colombia), which is considered by the United States to be a terrorist organization. The government has also proffered that Restrepo Martinez has no ties to the United States and poses a flight risk.

## II. DISCUSSION

### A. Legal Framework

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e),(f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 f.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. The court should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to the community if the person were released. 18 U.S.C. § 3142(g)(1)–(4).

### B.     Flight Risk and Danger to the Community

The Court finds that the government has carried its burden of establishing, by a preponderance of evidence, that the defendant is a risk of flight. The government has also shown by clear and convincing evidence that Rsetrepo Martinez is a danger to the community. The nature of the alleged crime is serious. The grand jury has returned an indictment charging the defendant with conspiracy to distribute five kilograms or more of cocaine. The government has proffered that Restrepo Martinez intentionally helped members of the conspiracy avoid detection and arrest.

The Court has also considered the defendant's history and characteristics. The defendant has no prior criminal history, but has no ties to the United States. Therefore, given the seriousness of the alleged offense and the defendant's international ties, the Court cannot be reasonably assured that the defendant would appear in court were he to be released.

The Court has considered the weight of the evidence and concludes that the government's evidence is strong. The government has phone conversations which indicate that the defendant is guilty of the crime charged.

The record does not reflect that Restrepo Martinez has a history of drug or alcohol abuse, has a criminal record, or was on probation at the time of the offense.

### III.     CONCLUSION AND ORDER

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that pretrial detention of Restrepo Martinez is appropriate in this case because defendant's release, under any conditions, would pose an unreasonable danger to the community and risk of flight. The offense is serious, Restrepo Martinez has extensive foreign

ties with whom he has previously conspired, and the government's proffered evidence is strong. Accordingly, it is hereby

ORDERED that the defendant continue to be detained without bond pending trial; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____        _____
Chief Judge Royce C. Lamberth              Date